Anant Kumar TRIPATI,
Plaintiff–Appellant,

v.

Gunn McKAY; Dean Chatfield; Donald Conrad, Maricopa County Attorney; County of Maricopa; Terry Blake; Ronald Harris; Richard Mesh; Gerald Grant; Richard M. Romley; Teresa Archuleta; Vincent H. Tolino; Estate of Teresa Archuleta, Ed King; Betsey Bayless; Tom Rawles; Don Stapley; Mary Rose Wilcox, Defendants–Appellees.

No. 04–17148.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 20, 2006.*

Filed Nov. 3, 2006.

Frederick A. Romero, Esq., Los Angeles, CA, for Plaintiff–Appellant.

Michael J. Frazelle, Esq., Kimberly J. Sayre, Esq., Swenson Storer Andrews & Frazelle, PC, Phoenix, AZ, for Defendants–Appellees.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

Before: O'CONNOR, Associate Justice, Retired [**], RYMER, and THOMAS, Circuit Judges.

### MEMORANDUM [***]

Anant Kumar Tripati appeals the district court's decision dismissing his pro se civil rights action against Maricopa County and various Maricopa County officials. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm. Because the parties are familiar with the factual and procedural history of this case, we will not recount it here.

### I

■ The district court correctly held that Tripati's federal claims—only one of which he asserts on appeal—were barred under *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). Tripati argues that the district court erred by holding that Tripati's illegal search and seizure claim was barred by *Heck.* If "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," the complaint must be dismissed. *Heck,* 512 U.S. at 487, 114 S.Ct. 2364. Because evidence obtained in the allegedly illegal search and seizure was used for his conviction, the district court did not err in barring his Fourth Amendment claim under *Heck. See Harvey v. Waldron,* 210 F.3d 1008, 1015 (9th Cir. 2000) (interpreting *Heck* as precluding any such claim).

### II

■ As to the non-federal claims, we conclude that the district court did not make impermissible credibility and evidentiary determinations in granting judgment as a matter of law in favor of the defendants. In rendering judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50, a district judge "must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133, 150, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000). However, to defeat a judgment as a matter of law, "the nonmoving party must come forward with more than a scintilla of evidence." *See Miller v. Glenn Miller Prods., Inc.,* 454 F.3d 975, 988 (9th Cir.2006) (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). Here, the defendants have offered an overwhelming amount of evidence to refute Tripati's allegations and to substantiate that the search and seizure was the culmination of an extensive investigation into Tripati's fraudulent practices—an investigation that ultimately led to a criminal conviction. Tripati's conclusory statements and self-serving declarations are too speculative to survive a motion for judgment as a matter of law. *See United States v. Wilson,* 881 F.2d 596, 601 (9th Cir.1989). Thus, the district court did not err in granting judgment as a matter of law for each of his claims.

We conclude that any error that the district court committed by granting judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50 during the pretrial phase of the proceedings, *see*

---

[**] The Honorable Sandra Day O'Connor, Associate Justice for the Supreme Court of the United States (Ret.), sitting by designation.

[***] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

*McSherry v. City of Long Beach,* 423 F.3d 1015, 1019 (9th Cir.2005), was harmless because Tripati was afforded ample opportunity to respond to the deficiencies undergirding the court's judgment as a matter of law, *see id.,* at 1021 (the purpose of Rule 50 is to afford the non-moving party an "opportunity to present evidence, and the court must evaluate the evidence in order to grant a motion under Rule 50"); *see also Waters v. Young,* 100 F.3d 1437 (9th Cir.1996) (a "major purpose" of a motion under Rule 50 is to give the non-moving party notice, and opportunity to cure, deficiencies of proof).

Given this holding, we need not reach any of the other claims of error asserted by Tripati as to the non-federal claims.

### III

Tripati also contends on appeal that the district court erred in denying his request for a *Franks* hearing, and in precluding the admission of Teresa Archuleta's statements. There is no basis in the record to show that Tripati ever requested a *Franks* hearing, or that the district court refused to admit statements of Teresa Archuleta.

### IV

■ Finally, Tripati argues that Judges Silver and Strand abused their discretion in denying Tripati's motion to recuse presiding Judge Silver, pursuant to 28 U.S.C. § § 455, 144. In order to prevail on a motion for recusal, a petitioner must show either extrajudicial bias or a deep-seated unequivocal antagonism toward the petitioner. *Liteky v. United States,* 510 U.S. 540, 554–55, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994). Because Tripati demonstrated neither, the district court judges did not abuse their discretion in denying these motions.

**AFFIRMED.**